UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


LEWIS SMITH,

               Plaintiff,

v.                                Case No. 3:15-cv-1484-J-39PDB

DIANE ANDREWS, etc.; et al.,

               Defendants.

_____

**<u>ORDER</u>**

    This cause is before the Court under unusual circumstances. No complaint has been filed in this Court. Plaintiff, an inmate of the Florida penal system, filed a document entitled "Emergency Motion for a Preliminary Injunction" (Motion) (Doc. 1).

    Plaintiff is currently confined at Union Correctional Institution (UCI). He states that he witnessed two correctional officers, C. O. Anderson and Sergeant Rousier, refusing to feed inmate Gaines, an inmate who was complaining about deficating and urinating on himself. Motion at 1. Plaintiff further contends that the officers failed to contact medical or mental health professionals to help inmate Gaines. <u>Id</u>. at 1-2. Plaintiff alleges that the officers were starving inmate Gaines by pretending to feed him by placing food trays on the food flap but not opening the flap so that Gaines could receive the food. <u>Id</u>. at 2. On December 1, 2015, Plaintiff filed a grievance concerning his

observations.   Plaintiff's Exhibit A.   Security received the grievance on December 3, 2015. <u>Id</u>. The response, dated December 8, 2015, noted that the matter had been referred to the Inspector General's Office for review and disposition. <u>Id</u>. Plaintiff states that inmate Gaines passed away from starvation on December 3, 2015. Motion at 2.

Plaintiff complains that on December 12, 2015, Anderson and Rousier came by his cell and tore up his legal mail. <u>Id</u>. at 2. The officers threatened to starve Plaintiff to death if he did not mind his own business. <u>Id</u>. Plaintiff responded that he would file a direct grievance to the warden, but the officers told Plaintiff there was a new grievance person and Plaintiff's grievance would not go far. <u>Id</u>.

Plaintiff states that he fears for his life. <u>Id</u>. As relief, Plaintiff seeks an injunction requiring Warden Diane Andrews, Secretary Julie Jones, and Inspector Beasly to investigate Plaintiff's allegations and to protect him by separating him from Anderson and Rousier. <u>Id</u>. at 3.

Of significance, Plaintiff failed to file a complaint. Without an underlying complaint served in this action, this Court is unable to entertain a preliminary injunction motion.  The Court notes that it is imperative that Plaintiff file a complaint and then serve the summons and complaint upon the named defendants. <u>See</u> <u>Mark v. Shui-Kuen Joe</u>, No. 86-Civ-7494-CSH, 1986 WL 11567, at

*1 (S.D.N.Y. Oct. 8, 1986) (Not Reported in F.Supp) (noting that the plaintiffs may move for a preliminary injunction after serving the summons and complaint upon the defendants); <u>Burns v. First American Trustee Servicing</u>, No. C 11-1123 CW, 2011 WL 175503, at *2 (N.D. Cal. Jan. 19, 2011) (Not Reported in F.Supp.2d) (advising that plaintiffs must serve the summons and complaint on any defendant against whom relief is sought, if plaintiffs seek a preliminary injunction); <u>Lakner v. Balke</u>, N. 08-CV-1791 W(CAB), 2008 WL 4473916, at *2 n.1 (S.D. Cal. Oct. 2, 2008) (Not Reported in F.Supp.2d) ("If Plaintiff wants to pursue a motion for a preliminary injunction, he must first serve Defendants with the summons, Complaint and preliminary injunction motion); <u>The North Face Apparel Corp. v. T.C. Fashions, Inc.</u>, No. 05 Civ 9083(RMB), 2006 WL 838993, at *7 (S.D.N.Y. Mar. 30, 2006) (Not Reported in F.Supp.2d) (requiring service of process upon defendants with respect to a request for injunctive relief); <u>Universal Licensing Corp. v. Paola Del Lungo S.P.A.</u>, 293 F.3d 579, 582 (2nd Cir. 2002) (recognizing the need for service of process of the duly filed complaint prior to the court entertaining a motion for preliminary injunction).

Upon consideration of the above, the Court is convinced that Plaintiff's current Motion for Preliminary Injunction is due to be denied and the case should be dismissed for lack of a complaint. The Court notes that the Clerk issued the Standing Order (Doc. 2)

notifying the appropriate officials that Plaintiff asserts that his life is in danger.

Plaintiff has not filed a complaint, nor has he paid the filing fee or submitted an affidavit of indigency. In light of the foregoing, the action will be dismissed without prejudice to Plaintiff's right to properly initiate a civil rights case and address any allegedly unconstitutional conditions of his confinement and seek monetary damages, if he elects to do so. The Clerk will be directed to send Plaintiff the proper forms for his use in initiating a civil rights case. The filing fee for a civil rights action is $400.00. He may file an affidavit of indigency if he does not have adequate funds to pay the full filing fee.

In an abundance of caution, the Court will require the Inspector General to provide information to the Court on an expedited basis due to the allegation in the Complaint that inmate Gaines died from starvation.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's "Emergency Motion for a Preliminary Injunction (Doc. 1) is **DENIED**.

2. The **Clerk** shall send a civil rights complaint form and an affidavit of indigency form to Plaintiff for his use in filing a civil rights action to address his claims, if he elects to do so. Plaintiff should not place this case number on the forms. The

- 4 -

Clerk will assign a new number to the case, if Plaintiff elects to file a civil rights complaint.

3.    This case is hereby **DISMISSED without prejudice,** and the Clerk shall enter judgment accordingly**.**

4.    The **Clerk** shall close this case.

5.    The **Clerk** shall send via electronic mail a copy of this Order and the Motion (Doc. 1) to the Inspector General.   The Inspector General, within **FOURTEEN (14) DAYS,** must inform the Court as to the extent of any investigation that has been undertaken and disposition that has been rendered in light of the alleged starvation death of inmate Gaines.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of December, 2015.

_____
BRIAN J. DAVIS
United States District Judge

sa 12/16
c:
Lewis Smith
Inspector General